FILED
United States Court of Appeals
Tenth Circuit

July 24, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANKLIN JOSEPH RYLE,

    Defendant - Appellant.

No. 19-8007
(D.C. Nos. 2:17-CV-00141-ABJ and
2:09-CR-00124-ABJ-1)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **MATHESON** and **BACHARACH**, Circuit Judges.
_____

Defendant Franklin Joseph Ryle appeals the district court's order dismissing as untimely his motion filed pursuant to 28 U.S.C. § 2255. A judge of this court granted a certificate of appealability on two issues raised by Mr. Ryle: 1) whether Mr. Ryle's motion was timely under 28 U.S.C. § 2255(f); and 2) assuming Mr. Ryle's motion was timely, whether Mr. Ryle's conviction under 18 U.S.C. § 924(c)(1)(A) should be set aside based on the unconstitutionality of 18 U.S.C. § 924(c)(3)(B).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2009, Mr. Ryle was convicted, following the entry of a guilty plea, of one count of deprivation of rights in violation of 18 U.S.C. § § 242 and one count of using or carrying a gun during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to 121 months for the § 242 conviction and 60 months, consecutive to the 121-month sentence, for the firearm offense. Mr. Ryle did not appeal.

In 2017, Mr. Ryle filed the § 2255 motion which is the subject of this appeal. He argued, among other things, that the 60-month consecutive sentence was unconstitutional because the definition of crime of violence in § 924(c)(3)(B) is unconstitutionally vague under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The government argued that the motion was untimely because *Dimaya* did not recognize the right Mr. Ryle asserted. The district court agreed with the government and dismissed the motion as time-barred. The court also denied COA.

On appeal to this court, Mr. Ryle filed a motion for COA on the issues of timeliness of the § 2255 motion and the constitutionality of § 924(c)(3)(B). While the COA motion was pending before this court, the Supreme Court decided *United States v. Davis*, 139 S.Ct. 2319 (2019), holding the § 924(c)(3)(B) is unconstitutionally vague. As noted above, this court granted COA on these issues and, in addition, ordered the government to file a response brief.

Rather than file the response brief, the government filed a motion to vacate the district court's judgment and remand with directions to grant Mr. Ryle's requested relief. (The government waives any timeliness argument.) Mr. Ryle does not object.

Accordingly, the government's motion is granted. This district court judgment is **VACATED**, and this matter is **REMANDED** to the district court with instructions to grant Mr. Ryle's requested relief with respect to the sentence imposed under § 924(c)(1)(A).

Entered for the Court
Per Curiam


by: Ellen Rich Reiter
    Counsel to the Clerk